```
UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - -  x

UNITED STATES OF AMERICA    :

     - v. -                 :         SEALED INFORMATION

PETER LOVAGLIO,             :  17 CRIM   732

          Defendant.        :

- - - - - - - - - - - - -  x
```

### COUNT ONE
### (Racketeering Conspiracy)

The United States Attorney charges:

#### The Enterprise

1.   At all times relevant to this Information, PETER
LOVAGLIO, the defendant, and others known and unknown, were
members and associates of an organized criminal enterprise (the
"East Coast LCN Enterprise," or the "Enterprise") whose members
and associates engaged in crimes including acts involving
murder, robbery, narcotics trafficking, making extortionate
extensions of credit, bribery, wire fraud, operating illegal
gambling businesses, assault, and other offenses.

2.   The East Coast LCN Enterprise, including its
leadership, membership, and associates, constituted an
"enterprise," as that term is defined in Title 18, United States
Code, Section 1961(4), that is, a group of individuals
associated in fact.  The East Coast LCN Enterprise was an

organized criminal group that operated in, and whose members traveled throughout, the East Coast of the United States. As demonstrated by their ongoing coordination, communication, and efforts to work together, the Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.     The East Coast LCN Enterprise was in part composed of members and associates of the Genovese Organized Crime Family, the Gambino Organized Crime Family, the Luchese Organized Crime Family, the Bonanno Organized Crime Family, and the Philadelphia Organized Crime Family (collectively, the "Organized Crime Families") of a nationwide criminal organization known as La Cosa Nostra ("LCN") or the "Mafia," which operated through entities known as "Families."

Purposes of the Enterprise

4.     The purposes of the Enterprise included the following:

a.     Enriching the leaders, members, and associates of the Enterprise through, among other things, acts involving murder, robbery, narcotics trafficking, making extortionate extensions of credit, bribery, wire fraud, and operating illegal gambling businesses;

b.     Preserving and augmenting the power, territory, and financial profits of the Enterprise through intimidation,

2

violence, and threats of physical and economic harm; and

      c.    Keeping victims and citizens in fear of the Enterprise and its leaders, members, and associates by: (i) identifying the Enterprise, its members, and its associates with La Cosa Nostra or the "Mafia;" (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence.

Means and Methods of the Enterprise

5.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

      a.    Members and associates of the Enterprise promoted a climate of fear in the community through threats of economic harm and violence, as well as actual violence, including acts involving murder, robbery, and assault, and through the use and possession of firearms.

      b.    Members and associates of the Enterprise generated or attempted to generate income for the Enterprise through, among other means, robbery, narcotics trafficking, making extortionate extensions of credit, bribery, wire fraud, and operating illegal gambling businesses.

3

## THE RACKETEERING CONSPIRACY

6. From at least in or about 1998, up to and including in or about 2015, in the Southern District of New York and elsewhere, PETER LOVAGLIO, the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Five of this Information, to wit, the East Coast LCN Enterprise, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the East Coast LCN Enterprise, through a pattern of racketeering activity, as that term is defined in Sections 1961(1) and 1961(5) of Title 18, United States Code, and through the collection of unlawful debts, as defined in Title 18, United States Code, Section 1961(6), which Enterprise was engaged in, and the activities of which affected, interstate and foreign commerce.

7. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which PETER LOVAGLIO, the defendant, agreed to conduct and participate in the conduct of the affairs of the Enterprise consisted of:

4

      a.    Multiple acts chargeable under state law and punishable by imprisonment for more than one year involving:

      i.    multiple acts involving murder, chargeable under New York Penal Law, Sections 105.15, 110.00, 125.25 and 20.00;

      ii.    multiple acts involving robbery, attempted robbery, and conspiracy to commit robbery, chargeable under New York Penal Law, Sections 20.00, 105.10, 110.00, 160.05, 160.10, and 160.15;

      iii.    multiple acts involving extortion, in violation of New York State Penal Law, Sections 155.40, 105.10, 110.00 and 20.00;

      iv.    multiple acts involving illegal gambling, in violation of New York Penal Law, Sections 225.00 and 225.10; and

      v.    multiple acts involving bribery, in violation of New Jersey Law, Revised Statutes Section 2C:27-2; and

      b.    Multiple acts indictable under the following provisions of federal law:

      i.    Title 18, United States Code, Section 1084 (relating to the transmission of gambling information);

      ii.    Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

iii.    Title 18, United States Code, Section 1955
(relating to the prohibition of illegal gambling businesses);

iv.    Title 18, United States Code, Sections 892,
893, and 894 (relating to extortionate credit transactions); and

v.    Title 18, United States Code, Section 1343
(relating to wire fraud); and

c.    Multiple offenses involving narcotics
trafficking, in violation of Title 21, United States Code,
Sections 841 and 846.

8.    It was a part of the conspiracy that PETER LOVAGLIO,
the defendant, agreed that a conspirator would commit at least
two acts of racketeering activity in the conduct of the affairs
of the Enterprise.

9.    The collection of unlawful debt through which PETER
LOVAGLIO, the defendant, agreed to conduct and participate,
directly and indirectly, in the conduct of the affairs of the
Enterprise consisted of the collection from various individuals
of unlawful debts, as that term is defined by Title 18, United
States Code, Section 1961(6), that is: (a) debts which were
incurred and contracted in gambling activity and which were
incurred in connection with the business of gambling, which
activity and business were in violation of the laws of the
United States and the State of New York; and (b) debts which

6

were unenforceable under state and federal law in whole and in part as to principal and interest because of the laws relating to usury and which were incurred in connection with the business of lending money at a rate usurious under state and federal law, where the usurious rate was at least twice the lawfully enforceable rate.

10.    It was a further part of the conspiracy that PETER LOVAGLIO, the defendant, agreed that a conspirator would commit at least one collection of unlawful debt in the conduct of the affairs of the Enterprise.

### NOTICE OF SPECIAL SENTENCING FACTORS

11.    From at least in or about 1998, up to and including in or about November 2015, in the Southern District of New York and elsewhere, PETER LOVAGLIO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

12.    It was a part and an object of the conspiracy that PETER LOVAGLIO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

( Title 18 united States Code, Section 1961(d) )

## **FORFEITURE ALLEGATION AS TO COUNT ONE**

13.   The allegations contained in Count One of this
Information are hereby repeated, realleged, and incorporated by
reference herein as though fully set forth at length for the
purpose of alleging forfeiture pursuant to the provisions of
Title 18, United States Code, Section 1963.   Pursuant to Rule
32.2 of the Federal Rules of Criminal Procedure, notice is
hereby given to PETER LOVAGLIO, the defendant, that the United
States will seek forfeiture as part of any sentence in
accordance with Title 18, United States Code, Section 1963 in
the event of the defendant's conviction under Count One of this
Indictment.

14.   PETER LOVAGLIO, the defendant:

a.   has acquired and maintained interests in
violation of Title 18, United States Code, Section 1962, which
interests are subject to forfeiture to the United States
pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   has an interest in, security of, claim against,
and property and contractual rights which afford a source of
influence over, the Enterprise named and described herein which
the above-named defendant established, operated, controlled,
conducted, and participated in the conduct of, in violation of
Title 18, United States Code, Section 1962, which interests,

8

securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c.    has property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, and collection of unlawful debt, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

15.    The interests of the above-named defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendant derived from racketeering activities, and collection of unlawful debt, as alleged in Count One of this Information.

<u>Substitute Assets Provision</u>

16.    If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

9

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek forfeiture of any other property of the above-named defendant up to the value of the forfeitable property.

        (Title 18, United States Code, Section 1963.)

_____
JOON H. KIM
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

PETER LOVAGLIO,

Defendant.

INFORMATION

17 Cr. ___

(Title 18, United States Code, Section 1962(d))

JOON H. KIM
Acting United States Attorney.